UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALAN MICHAEL HERZBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-216-TS |
| | ) | |
| STATE OF INDIANA, | ) | |
| JUDGE JAMES SCOTT VANDERBECK, | ) | |
| PROSECUTING ATTORNEY JEFFERY | ) | |
| W. WIBLE, and DEPUTY PROSECUTING | ) | |
| ATTORNEY FREDERICK J. HARTZ, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On June 29, 2005, Alan M. Herzberg, a *pro se* Plaintiff, filed an Application to Proceed Without Prepayment of Fees (*in forma pauperis*).  The Plaintiff attached with the application a motion for a restraining order and a motion for injunctive relief. For the following reasons, the Plaintiff's request to proceed without prepayment of fees and costs will be DENIED.

### DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). In this case, the Plaintiff reports that he is not currently incarcerated and is currently unemployed. He states that he was last employed in November 2004, earning about $1,680 a month. The Plaintiff states that in the last twelve months he has not received any income from such sources as a business, profession, or other self-employment; rent payments, interest, or dividends; disability or workers compensation payments; pensions, annuities, or life insurance payments; or gifts or inheritances. He reports that he has no bank account. The Plaintiff does not own any real estate, stocks, bonds, securities, automobiles, or other valuable property. Finally, the Plaintiff reports that he has one dependent. In light of his reported financial situation, the Court is satisfied that the Plaintiff meets the statutory poverty requirements under 28 U.S.C. § 1915(a).

The analysis does not end here, however. In assessing whether the Plainitff may proceed *in forma pauperis*, the Court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In 1993, the Plaintiff was convicted of one count of child molesting, a Class B Felony, and one count of child molesting, a Class C Felony. On October 15, 2004, the State of Indiana initiated criminal proceedings against the Plaintiff for not registering as a sexual offender under Indiana's Sex Offender Registration statute, Indiana Code § 5-2-12-1 *et. seq*. The Plaintiff believes that the State's action is unconstitutional because the State is trying to apply an *ex post facto* law.

The Plaintiff is mistaken. In *Smith v. Doe*, 538 U.S. 84 (2003), the United State Supreme

Court determined that a similar Alaska statute did not violate the *ex post facto* clause:

> As we observed in *Hendricks*, where we examined an ex post facto challenge to a post-incarceration confinement of sex offenders, an imposition of restrictive measures on sex offenders adjudged to be dangerous is "a legitimate nonpunitive governmental objective and has been historically so regarded." 521 U.S., at 363. In this case, as in *Hendricks*, "nothing on the face of the statute suggests that the legislature sought to create anything other than a civil . . . scheme designed to protect the public from harm." *Id.*, at 361.

*Id*. at 93; *see also Spencer v. O'Connor*, 707 N.E.2d 1039, 1046 (Ind. Ct. App. 1999) ("[W]e conclude that the [Indiana's Sex Offender Registration statute] does not violate the prohibition on ex post facto laws contained in the federal Constitution or the Indiana Constitution.").

This alone suffices to deny the Plaintiff's application to proceed *in forma pauperis*. But the Plaintiff's claims is also barred procedurally by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), which requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

> *Younger* holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present. . . . In *Barichello v. McDonald*, 98 F.3d 948 (7th Cir.1996), we said that *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." [Barichello] at 954.

*Indiana v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997). Criminal prosecution is an important state interest. Because the State of Indiana has provided Mr. Herzberg with due process to litigate these claims in state court, his complaint does not allege extraordinary or unusual circumstances.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's request to proceed *in forma pauperis* [DE 1] and DISMISSES this Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED on July 1, 2005.

                                         s/ Theresa L. Springmann  
                                        THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT